## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AMIRAH RASHEEDAH HAMLIN,      \*

    Plaintiff                 \*

    v.                    \*          CIVIL NO. JKB-21-2130

PDP GROUP INC.,             \*

    Defendant.            \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

After filing a Charge with the Equal Employment Opportunity Commission (the "EEOC Charge" or "Charge"), Plaintiff Amirah Rasheedah Hamlin ("Ms. Hamlin"), appearing *pro se*, filed a Complaint in this Court alleging that her former employer, Defendant PDP Group, Inc. ("PDP"), engaged in employment discrimination on the basis of race and sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (Compl., ECF No. 1; EEOC Charge, ECF No. 1-1.)[1] PDP moved to dismiss Ms. Hamlin's Complaint. (Mot. Dismiss, ECF No. 5.) After twice requesting and receiving extensions on the deadline to respond to PDP's Motion, (*see* ECF Nos. 8–11), Ms. Hamlin failed to file any response. PDP's Motion to Dismiss is now ripe for consideration, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the Court will grant PDP's Motion to Dismiss (ECF No. 5).

---

[1] The Court notes that the EEOC Charge and the right to sue letter were filed under the same exhibit. (*See* ECF No. 1-1.) Because neither the EEOC Charge nor the right to sue letter is paginated in its original form, when citing to these documents, the Court will use the document name and will cite to the page number in the entire exhibit.

## I.    *Background*[2]

Ms. Hamlin started working for PDP in February 2017 as a "Business Analyst/Document Clerk." (EEOC Charge at 1.)[3] On May 24, 2019, Ms. Hamlin complained to Melissa Swanson— her immediate supervisor—about the "hostile" behavior of her colleague Ricardo Rivera. (EEOC Charge at 1; Compl. at 9.) Specifically, Ms. Hamlin reported that Mr. Rivera "intimidatingly star[ed her] down" and "slam[ed] desk draw[er]s" when she approached him. (Compl. at 9.) Ms. Hamlin alleges that neither Ms. Swanson nor anyone else at PDP did anything to address the matter following her complaint. (*Id.*) On July 11, 2019, Mr. Rivera again "slammed" a desk drawer as Ms. Hamlin approached him and "took his index finger and slid[] it across his neck." (*Id.*) When Ms. Hamlin reported the incident to Ms. Swanson, no remedial action was taken beyond moving Ms. Hamlin's seat. (*Id.*) On September 27, 2019, Ms. Hamlin alleges that Mr. Rivera "aggressively push[ed]" batches of folders with such force that they fell on her feet. (*Id.*) The Complaint is somewhat unclear regarding Ms. Swanson's response to this incident, as it alleges that, when Ms. Hamlin reported the incident, Ms. Swanson "stated in [Mr. Rivera's] defense[,] he had to leave early." (*Id.*)

On October 7, 2019, Ms. Hamlin checked in with Ms. Swanson regarding the status of her complaints against Mr. Rivera and asked whether any "corrective action" had been taken. (*Id.*) Ms. Swanson allegedly stated that she "forgot" about the complaints. (*Id.*) Ms. Hamlin explained that in "[t]hat moment[, she] felt discriminated against." (*Id.*) The next day, and in the absence of

---

[2] At the motion to dismiss stage, the "well-pled allegations of the complaint" are accepted as true and "the facts and reasonable inferences derived therefrom" are construed "in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Inv.*, 1 F.3d 255, 256 (4th Cir. 1993)).

[3] The Court's consideration of the EEOC Charge at this stage does not convert PDP's Motion to Dismiss into a motion for summary judgment because the Charge is "explicitly incorporated into the complaint by reference" and is "attached to the complaint as [an] exhibit[]." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

a human resources representative, Ms. Swanson met with Ms. Hamlin and Mr. Rivera.[4] (*Id.*) The exact outcome of this meeting is unclear from the Complaint and the EEOC Charge, but Ms. Hamlin alleges that Mr. Rivera never faced consequences as a result of his conduct and that he continued to harass her. (*Id.*) She further explained that she felt that Mr. Rivera continued to harass her because he assumed that he would "not get into trouble" and that Ms. Hamlin would not complain because she is "an African American woman": a person who society views as "[s]omeone [who] should stay silent and tolerate whatever issues . . . arise." (*Id.*) On January 31, 2020,[5] Ms. Hamlin's employment with PDP was terminated. (*Id.*) Ms. Hamlin alleges that her supervisor "assumed" she made a phone call while in the restroom, in spite of Ms. Hamlin's insistence that the call logs on her phone reflected that she could not have been placing a call and that she was instead using her phone to listen to a podcast, which she was permitted to do. (*Id.*)

Ms. Hamlin filed her EEOC Charge on July 2, 2020 and received a right to sue letter dated May 26, 2021. (Compl. at 6; *see also* EEOC Charge.) In the Charge, Ms. Hamlin indicated that she experienced discrimination based on race and did not indicate that she experienced sex-based discrimination. (EEOC Charge at 1.) In the Charge, Ms. Hamlin described Mr. Rivera's behavior—including "grunting or growling at the sight of Ms. Hamlin"; "violently slamming his chair into his desk and/or slamming his desk drawer"; and "sliding his index finger across his throat"—as well as some of the complaints she filed with Ms. Swanson about his behavior. (*Id.*) She explained that she believed she had experienced discrimination "due to her race (African American)." (*Id.*) In the Charge, Ms. Hamlin does not describe each of the above-referenced

[4] The Complaint says that Ms. Swanson "sat down with the both of us," which the Court understands to refer to Ms. Hamlin and Mr. Rivera. (Compl. at 9.)
[5] The EEOC Charge states that Ms. Hamlin was discharged on January 31, 2019. (EEOC Charge at 1.) Because the Complaint lists January 31, 2020, and because this date is consistent with the other relevant dates listed on both the Complaint and the EEOC Charge, the Court presumes the 2019 date of termination listed on the EEOC Charge is an error.

3

complaints, and only describes reporting Mr. Rivera's actions to Ms. Swanson "[o]n or about August 2019" and on September 27, 2019. (*Id.*)

On August 20, 2021, Ms. Hamlin filed a form Complaint against PDP in this Court alleging employment discrimination in violation of Title VII of the Civil Rights Act and seeking damages for lost wages, overtime, and paid leave; the loss of her car; and emotional harm. (*See* Compl. at 4, 7.) Out of the options listed on the form complaint, Ms. Hamlin indicated that she suffered termination of employment and retaliation as a result of discrimination on the basis of race and gender/sex. (*Id.* at 5.) PDP filed a Motion to Dismiss on October 11, 2021,[6] arguing that Ms. Hamlin failed to exhaust her administrative remedies and that her Complaint fails to state a claim for relief. (*See* Mot. Dismiss Mem. Supp., ECF No. 5-1.) Despite the deadline extensions she received, (*see* ECF Nos. 8–11), Ms. Hamlin did not respond to PDP's Motion.

## II.   *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, "a plaintiff must plead enough factual allegations 'to state a claim to relief that is plausible on its face.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage,

---

[6] The Court will consider the merits of PDP's Motion to Dismiss even though PDP filed the Motion five days after the Answer was due on October 6, 2021. (*See* Summons, ECF No. 4 ("Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.").) The Clerk did not enter a default against PDP under Federal Rule of Civil Procedure 55(a). However, even if the Clerk had entered such a default against PDP, this Court could have set aside the default "for good cause." Fed. R. Civ. P. 55(c); *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) ("[A]n extensive line of decisions has held that Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.") (internal citations and quotations omitted); *Greer v. Trinity Fin. Servs., LLC*, Civ. No. JKB-20-0972, 2021 WL 75161, at *2 (D. Md. Jan. 8, 2021) (setting aside entry of default against a defendant to consider a Rule 12(b)(1) motion to dismiss where there was "no indication that its dilatory response, which 'continued at the most for a time span of only a few months,' caused any prejudice to [the plaintiff].").

the Court "accept[s] as true all of the factual allegations contained in the complaint," and "draw[s] all reasonable inferences in favor of the plaintiff." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).  That said, "[b]are legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 679).

Complaints filed by *pro se* plaintiffs are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal citations and quotations omitted); *Ezinne v. Md. State Dep't of Pub. Safety & Correctional Servs.*, Civ. No. JKB-18-2201, 2019 WL 2162873, at *1–*2 (D. Md. May 17, 2019).  However, "liberal construction does not absolve [a p]laintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014); *see also Bing*, 959 F.3d at 618 ("[L]iberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."); *Okudo v. SW Belair Edison LLC*, Civ. No. JKB-21-1269, 2021 WL 4391264, at *2 (D. Md. Sept. 24, 2021).

### III.    Analysis

In support of its Motion to Dismiss, PDP raises three arguments: (1) Ms. Hamlin has failed to exhaust her administrative remedies because her EEOC Charge does not allege either sex-based discrimination or retaliation by Mr. Rivera or by her employer; (2) the factual allegations in Ms. Hamlin's complaint fail to plausibly allege that her supervisor discriminated against her based on her identity as an African-American woman (or on her race alone); and (3) the substance of Ms. Hamlin's retaliation claim fails because she does not allege that she engaged in protected activity

5

and she does not sufficiently allege causation. (*See generally* Mot. Dismiss Mem. Supp.) The Court will first consider PDP's exhaustion arguments before turning to the merits.

### a. *Scope of the EEOC Charge*

If Title VII claims "'exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citing *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)). Although EEOC charges should be construed liberally, *see Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1998), "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko*, 429 F.3d at 509; *see also Zaire v. Protective Servs. Training Academy, LLC*, Civ. No. PWG-17-1185, 2019 WL 2289999, *8–*9 (D. Md. May 29, 2019) (exhaustion requirement not satisfied where allegations against plaintiff's supervisors did not appear in the EEOC charge and were "unrelated to the conflict between . . . two coworkers"). A "plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex." *Id.*; *see also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002). However, "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Chacko*, 429 F.3d at 509 (collecting cases); *see also Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) ("[T]he scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination.").

The Court concludes that Ms. Hamlin has exhausted her administrative remedies because, liberally construed, the central factual allegations in the Complaint are contained in the EEOC

Charge. Though details are scant in the EEOC Charge, the contours of the circumstances giving rise to Ms. Hamlin's decision to file the Charge and her subsequent lawsuit are clear. In both the Charge and the Complaint, Ms. Hamlin alleges that Mr. Rivera subjected her to various forms of harassment beginning sometime in 2019, that she reported his actions to Ms. Swanson, that no effective corrective action was taken, and that she was fired nearly four months later for supposedly using her cell phone to place a phone call while in the restroom. (*See* EEOC Charge at 1; Compl. at 9.) These common allegations are sufficient for the Court to conclude that Ms. Hamlin has exhausted the administrative remedies for her claims arising from these facts.

The Court's conclusion is not altered by the fact that there are some factual differences between the EEOC Charge and the Complaint. For example, the Complaint contains and the EEOC omits a description of a complaint Ms. Hamlin made to her supervisor about Mr. Rivera's behavior in May of 2019. However, a plaintiff may exhaust her administrative remedies despite differences between the administrative charge and the federal court complaint so long as the relevant time frames, actors, and alleged discriminatory conduct are the same. *See, e.g., Clanton v. City of Virginia Beach*, Civ. No. 14-0649, 2015 WL 1538198, at *6 (E.D. Va. Apr. 3, 2015) (exhaustion requirement fulfilled where "the time frames, actors, and discriminatory conduct alleged in Plaintiff's charge are the same as the time frames, actors, and discriminatory conduct alleged in the Complaint"); *Coles v. Carilion Clinic*, 894 F. Supp. 2d 783, 791 (W.D. Va. 2012) (exhaustion requirement fulfilled where plaintiff "did not completely renovate his central factual allegations as between the administrative charge and the complaint" and "the complaint's factual allegations [did] not introduce different actors or time frames from the allegations in the initial charge"). The factual allegations in the EEOC Charge are "reasonably related" to those in the Complaint, *Chacko*, 429 F.3d at 509, such that the scope of the administrative investigation—

7

confined by the EEOC Charge—could reasonably have uncovered the additional complaints about Mr. Rivera's behavior that Ms. Hamlin describes in her Complaint. *See Chisholm*, 665 F.2d at 491. Accordingly, the Court concludes that Ms. Hamlin has complied with Title VII's exhaustion requirement.

### b. Merits

Ms. Hamlin brings this action under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, without identifying a particular provision therein. As PDP points out in its Motion to Dismiss, the Complaint can plausibly be read to argue either that Mr. Rivera's harassment created a hostile work environment and that PDP retaliated against Ms. Hamlin when she reported the harassment, or that Mr. Rivera's harassment created a hostile work environment and Ms. Hamlin's supervisor—Ms. Swanson—fired her because of Ms. Swanson's own independent discriminatory animus. (*See* Mot. Dismiss Mem. Supp at 7, 7 n.4.) Regardless of how the Complaint is framed, each basis for relief under Title VII suffers from the same fatal flaw: Ms. Hamlin has not pled facts to support a plausible, causal inference of race- or sex-based discrimination.

"'Title VII does not prohibit all verbal or physical harassment in the workplace'—it is directed only at actions that occur 'because of' one of the protected statuses." *Strothers v. City of Laurel*, 895 F.3d 317, 329 (4th Cir. 2018) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Whether based on race or sex, to state a claim of Title VII discrimination, hostile work environment, or retaliation, a plaintiff must plead facts suggesting that the wrongs he or she suffered occurred on account of his or her membership in a protected group. *See* 42 U.S.C. § 2000e-2(a) (race- and sex-based discrimination) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual . . . **because of such individual's race [or] sex[.]**");

8

*Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (racially hostile work environment) ("[A] plaintiff must show that there is (1) unwelcome conduct; (2) **that is based on the plaintiff's race**; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.") (cleaned up); *Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013) (citing parallel elements for a hostile work environment claim based on sexual harassment); *Sajadian v. Am. Red Cross*, 202 F.3d 260 (Table) (4th Cir. 1999) (holding that a plaintiff must show that she engaged in protected activity to establish a prima facie case of retaliation, and finding that to form the basis of protected activity at the summary judgment stage, complaints to an employer should be supported by "evidence that [the defendant] was aware that [the plaintiff's] **complaints were based on an allegation of discrimination**.").

Ms. Hamlin has not sufficiently alleged this causal connection. The allegations in Ms. Hamlin's Complaint supporting her argument that she suffered the abuse alleged in her complaint on the basis of her race and her sex are best characterized as either legal conclusions—which do not receive the benefit of an assumption of truth, *see Rubenstein*, 825 F.3d at 214—or speculation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Ms. Hamlin repeatedly asserts her "feel[ing]" that she was discriminated against, arguing that in "today's world, women are seen in general[ ] as the weaker species," and that as an African American woman, she is "even less in . . . society" and "someone [who] should stay silent and tolerate whatever issues . . . arise." (Compl. at 9.) She further explained that "Black women are looked at as angry, hostile, and confrontational." (*Id.*) Repugnant as these stereotypes are, they are pled at too high a level of generality to establish Ms. Hamlin's specific right to relief beyond a "speculative level[.]" *Twombly*, 550 U.S. at 555. Ms. Hamlin's conclusions that Mr.

Rivera "felt he could harass and threaten [her] because he assumed . . . he would not get into trouble[ and] that [she] would stay silent and not complain," that Mr. Rivera "assumed that it was appropriate to treat [her] with . . . disrespect because of the[] stereotypes" described above, and that PDP fired her in an effort "to get rid of the person making the waves and [choosing not] to tolerate a hostile work environment" are similarly speculative. (Compl. at 9.) Ms. Hamlin simply does not plead any facts that could constitute direct or circumstantial evidence to support her "feeling" that she faced race- and sex-based discrimination.[7]

The remaining factual allegations aver that Mr. Rivera subjected Ms. Hamlin to various forms of harassing behavior, Ms. Hamlin repeatedly reported these incidents to her supervisor, her supervisor did not address her complaints and even "forgot" about them, and Ms. Hamlin was terminated for making a call on her cell phone during work hours, which she alleges she did not do. (Compl. at 9.) Assumed to be true, these allegations are troubling. But they do not raise a plausible inference either that Mr. Rivera harassed or that PDP terminated Ms. Hamlin because of her race and her sex. *See* 42 U.S.C. § 2000e-2(a); *Boyer-Liberto*, 786 F.3d at 277; *Crockett*, 717 F.3d at 354. Nor does the Complaint sufficiently allege that Ms. Hamlin was retaliated against; it does not allege that Ms. Hamlin's reports to her supervisor described these incidents as discrimination on the basis of race or sex—a necessary feature of protected activity within the meaning of Title VII's bar to retaliation. *See Sajadian v. Am. Red Cross*, 202 F.3d 260 (Table) (4th Cir. 1999); *see also, e.g., McNair v. Computer Data Sys., Inc.*, 172 F.3d 863 (4th Cir. 1999)

---

[7] Of course, a Title VII plaintiff need not "plead facts establishing a prima facie case" under the *McDonnell Douglas* framework to survive a motion to dismiss because that test "does not apply in every employment discrimination case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). However, a Title VII plaintiff still must "'allege facts to satisfy the elements of a cause of action created by that statute'" in order to "plausibly state a violation of Title VII 'above a speculative level.'" *Bing*, 959 F.3d at 616–17 (citing *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2020) and *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). Accordingly, to withstand PDP's Motion to Dismiss, Ms. Hamlin still must plead facts sufficient to support a causal link between the harassment and termination and her membership in a protected group under Title VII.

("[Plaintiff] presented no evidence that the . . . letter to DOE officials contained even implicit or indirect opposition to racial or sexual discrimination by anyone"); *McGruder v. Epilepsy Found. of Am., Inc.*, Civ. No. 11-02310-AW, 2012 WL 832800, at *5 (D. Md. Mar. 9, 2012) (finding that a plaintiff did not engage in protected activity when her "e-mail ma[de] no reference to any discrimination [the p]laintiff believe[d] she may have suffered on the basis of either race or disability"); *Sara Kaye Ruffner v. MD OMG EMP LLC*, Civ. No. WDQ-11-1880, 2012 WL 3542019, at *4 (D. Md. Aug. 13, 2012) ("[Plaintiff] has not shown that her complaints alerted [defendants] that her complaints were based on race or age or other prohibited discrimination.").

At bottom, Ms. Hamlin's Title VII discrimination, hostile work environment, and retaliation claims fail because the Complaint does not allege facts supporting an inference that Ms. Hamlin either experienced or reported adverse treatment on the basis of her race or her gender. Accordingly, the Complaint fails to state a claim upon which relief can be granted under Title VII and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### IV.   *Conclusion*

For the foregoing reasons, PDP's Motion to Dismiss (ECF No. 5) will be granted and the Clerk will be directed to close this case.

DATED this 3 day of May, 2022.

BY THE COURT:

James K. Bredar
Chief Judge

11